*Houston* and *Cullen*, for the appellants.
*Layton*, for the appellee.

---

## HENDERSON COLLINS, d. b. app't. *vs.* JAMES R. MITCHELL, p. b. respondent.

If a wife leave her husband without his consent or fault, he is not liable even for necessaries, unless furnished by his orders.
His assent may be implied from circumstances.

THIS was an appeal from a justice of the peace, in an action of assumpsit, for a medical bill. Demand $44 10.

The plaintiff proved his books. A part of the charges was for visits and medicines furnished to the defendant's wife, when she was not at her husband's house.

The wife went to her brother's, against her husband's consent; and was taken sick there and died. Dr. Mitchell attended her,

during her sickness; Collins came frequently to see her; met Dr. M. there; knew of the Doctor's prescriptions; and gave her some of the medicine himself.

*Mr. Layton*, for defendant, contended, that if a wife leave her husband without cause, he is not liable even for necessaries; and it is incumbent on the plaintiff to prove the circumstances of the separation. (22 *Com. Law Rep.*, 226; 13 *Ibid*, 141; 7 *B. Monroe Rep.*; 458; 18 *Conn. Rep.*, 417; 4 *Harr. Rep.*, 385.)

*Mr. Comegys*, contra, relied on the employment of the plaintiff by authority of the husband in this case; and that the evidence was such as to show a living apart by mutual consent, in which case the husband would be liable for necessaries. He visited and treated her as his wife, whilst she was staying at her brother's house.

He contended that where a wife, without cause, leaves her husband, against his consent, she does not carry her husband's credit with her, even for necessaries.

*The Court* charged as follows :—The husband is bound to provide necessaries for his wife whilst she lives with him.

If she elope with an adulterer, the husband is not liable.

If the husband turn her out, or by his conduct oblige her to leave, he continues liable.

If husband and wife separate by mutual consent, he remains liable for necessaries.

On the testimony, the question of separation is open for the jury to say whether it is proved; and under what circumstances.

It is also open for the jury to say whether the plaintiff was employed by the authority or consent of the defendant; if so, he is liable, though there was a separation; and assent may be implied from the presence and knowledge of the husband, that the services were rendered, without objection.

The plaintiff had a verdict.

*Comegys*, for plaintiff.
*Layton*, for defendant.